UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

FRANK MAZZOCCHI,

                    Plaintiff,

          -v-

VIVIENNE GILBERT, ESQ.; HOWARD J.
LAZARUS, ESQ.; THOMAS M. CURTIS,
ESQ.; DEBORAH B. KOPLOVITZ, ESQ.;
MORREL I. BERKOWITZ, ESQ.; ALAN M.
GOLDBERG, ESQ.; BRUCE A. CHOLST,
ESQ.; ANDREW J. WAGNER, ESQ.; GRANT
E. BROWN, ESQ.,

                    Defendants.

21-CV-4959 (PAE)

ORDER OF DISMISSAL

PAUL A. ENGELMAYER, United States District Judge:

          Plaintiff Frank Mazzocchi ("Mazzocchi"), of Brooklyn, New York, who appears *pro se*,

purports to assert claims under 28 U.S.C. §§ 1651, 2201, and 1331; the Fifth, Ninth, and

Fourteenth Amendments to the Constitution of the United States; and Local Civil Rule 1.6 of

this Court.  He sues nine attorneys, many of who are or were involved in Mazzocchi's pending

litigation in this court in *Mazzocchi v. Windsor Owners Corp.*, 11 Civ. 7913 (RA) (SDA).

Mazzocchi invokes the Court's federal-question jurisdiction, and seeks declaratory relief as well

as the removal of the state-court litigation that he initiated in the New York Supreme Court,

New York County, to this Court.

          Mazzocchi has paid the fees to bring this action. For the reasons set forth below, the

Court dismisses this action for lack of subject-matter jurisdiction.

## STANDARD OF REVIEW

          The Court has the authority to dismiss a complaint, even when the plaintiff has paid the

relevant fees, if it determines that the action is frivolous, *see Fitzgerald v. First E. Seventh*

*Tenants Corp.*, 221 F.3d 362, 363–64 (2d Cir. 2000), or that the Court lacks subject-matter jurisdiction, *see* Fed. R. Civ. P. 12(h)(3); *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999).  The Court is obliged, however, to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (quotation marks and citations omitted, emphasis in original).

## BACKGROUND

Mazzocchi alleges the following: In May 2018, Mazzocchi filed a *pro se* action in the New York Supreme Court, New York County ("the New York Supreme Court"), against eight of the nine defendants named in this action seeking relief under New York Judiciary Law § 487 because of the conduct of those defendants in *Mazzocchi*, 11 Civ. 7913 (RA) (SDA).  In March 2019, the New York Supreme Court dismissed the state-court action "without reason and with prejudice."  *Id.* Dkt. 1, at 4.

Mazzocchi appealed. But his appeal was unsuccessful.[1]  In September 2020, Mazzocchi sought reconsideration from the Appellate Division, or in the alternative, leave to appeal in the New York Court of Appeals.  The Appellate Division denied reconsideration and also denied leave to appeal in November 2020.  *Id.* at 8, 179.[2]  On April 26, 2021, Mazzocchi sought leave to appeal from the New York Court of Appeals, and his leave petition is pending in that court.

---

[1] On July 9, 2020, the New York Supreme Court, Appellate Division, First Department, affirmed the dismissal of Mazzocchi's claims against Defendants Gilbert, Lazarus, Koplovitz, Berkowitz, Goldberg, Cholst, and Wagner, and dismissed his appeal against Defendant Curtis; Defendant Brown represented some of the defendants in the appeal.  *Mazzocchi v. Gilbert*, 185 A.D.3d 438 (1st Dep't 2020).

[2] *Mazzocchi v. Gilbert*, No. 2019-21682 (1st Dep't Nov. 5, 2020).

Mazzocchi asks this Court to issue declaratory rulings regarding the interpretation of New York Judiciary Law § 487, and regarding whether the New York Supreme Court and the Appellate Division were correct in their decisions, including those interpreting that statute. Mazzocchi also requests that his state-court litigation be removed to this court.

## DISCUSSION

### A.      Subject-matter jurisdiction

The subject-matter jurisdiction of the federal district courts is limited and is set forth generally in 28 U.S.C. §§ 1331 and 1332.  Under these statutes, a federal district court's jurisdiction is available only when a "federal question" is presented or, when a plaintiff asserts claims under state law under the Court's diversity jurisdiction, when the plaintiff and the defendants are citizens of different states and the amount in controversy exceeds the sum or value of $75,000.

"[I]t is common ground that in our federal system of limited jurisdiction any party or the court sua sponte, at any stage of the proceedings, may raise the question of whether the court has subject matter jurisdiction."  *United Food & Commercial Workers Union, Local 919, AFL-CIO v. CenterMark Prop. Meriden Square, Inc.*, 30 F.3d 298, 301 (2d Cir. 1994) (quoting *Manway Constr. Co., Inc. v. Hous. Auth. of the City of Hartford*, 711 F.2d 501, 503 (2d Cir. 1983)); *see* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."); *Ruhrgas AG*, 526 U.S. at 583 ("[S]ubject-matter delineations must be policed by the courts on their own initiative.").

### 1.      Federal-question jurisdiction

To invoke federal-question jurisdiction, a plaintiff's claims must arise "under the Constitution, laws, or treaties of the United States."  28 U.S.C. § 1331.  A case arises under federal law if the complaint "establishes either that federal law creates the cause of action or that

the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law."  *Bay Shore Union Free Sch. Dist. v. Kain*, 485 F.3d 730, 734–35 (2d Cir. 2007) (quoting *Empire Healthchoice Assur., Inc. v. McVeigh*, 547 U.S. 677, 690 (2006)) (quotation marks omitted).  Mere invocation of federal-question jurisdiction, without any facts demonstrating a federal-law claim, does not create federal-question jurisdiction.  *See Nowak v. Ironworkers Local 6 Pension Fund*, 81 F.3d 1182, 1188-89 (2d Cir. 1996); *see also Shapiro v. McManus*, 577 U.S. 39, 45 (2015) ("We have long distinguished between failing to raise a substantial federal question for jurisdictional purposes . . . and failing to state a claim for relief on the merits; only 'wholly insubstantial and frivolous' claims implicate the former." (citation omitted)).

Although Mazzocchi invokes federal law, he alleges no facts suggesting that any of his claims arise under federal law.  Thus, this Court lacks federal-question jurisdiction to consider Mazzocchi's claims.  But because Mazzocchi's claims appear to arise under New York Judiciary Law § 487, a state statute, the Court will discuss whether it has diversity jurisdiction to consider Plaintiff's claims.

### 2.    Diversity jurisdiction

To establish the Court's diversity jurisdiction, a plaintiff must first show that he and the defendants are citizens of different states.  *See* 28 U.S.C. § 1332(a)(1); *Wis. Dep't of Corr. v. Schacht*, 524 U.S. 381, 388 (1998) ("A case falls within the federal district court's 'original' diversity 'jurisdiction' only if diversity of citizenship among the parties is complete, *i.e.*, only if there is no plaintiff and no defendant who are citizens of the same State.").  For diversity purposes, an individual is a citizen of the State where he is domiciled, which is defined as the place where he "has his true fixed home . . . and to which, whenever he is absent, he has the

intention of returning." *Palazzo ex rel. Delmage v. Corio*, 232 F.3d 38, 42 (2d Cir. 2000) (quotation marks and citation omitted).

There is a second component to diversity jurisdiction—the amount in controversy must be in excess of the sum or value of $75,000. *See* § 1332(a). The sum claimed by a plaintiff will control if it is made in good faith. *See St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 288 (1938). The Court can dismiss a complaint for failing to plead that the amount in controversy exceeds the sum or value of $75,000, but only if there is "a legal certainty from the complaint that the plaintiff cannot recover sufficient damages to invoke [diversity] jurisdiction." *Zacharia v. Harbor Island Spa, Inc.*, 684 F.2d 199, 202 (2d Cir. 1982); *see Ochoa v. Interbrew Am., Inc.*, 999 F.2d 626, 629 (2d Cir. 1993) ("[I]n determining whether a challenged jurisdictional amount has been met, district courts are permitted only to assess the allegations in a complaint and not the validity of any asserted defenses.").

Mazzocchi, a citizen of New York State, does not allege the state citizenship of any of the defendants. Thus, he fails to show that he and the defendants are citizens of different states. He also fails to allege facts showing that his claims satisfy the jurisdictional amount for a diversity action—an amount in excess of the sum or value of $75,000. Accordingly, the Court also lacks diversity jurisdiction to consider Mazzocchi's claims. The Court therefore dismisses this action for lack of subject-matter jurisdiction.

3.      **The *Rooker-Feldman* doctrine**

Under the *Rooker-Feldman* doctrine, which was created by two decisions of the Supreme Court of the United States, *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415–16 (1923), and *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 482–86 (1983), federal district courts lack subject-matter jurisdiction to review final orders and judgments of the state courts, *see Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 291–92 (2005); *see also*

*Verizon Md., Inc. v. Pub. Serv. Comm'n of Md.*, 535 U.S. 635, 644 n.3 (2002) ("28 U.S.C.
§ 1331 is a grant of original jurisdiction, and does not authorize district courts to exercise
appellate jurisdiction over state-court judgments"); *Dorce v. City of New York*, 2 F.4th 82,
101 (2d Cir. 2021) ("The *Rooker-Feldman* doctrine bars federal district courts from hearing
cases that in effect are appeals from state court judgments, because the Supreme Court [of the
United States] is the only federal court with jurisdiction over such cases.").

Mazzocchi alleges that in March 2019, the New York Supreme Court dismissed his state-
court action "without reason and with prejudice."  Dkt. 1, at 4.  In the present complaint, he asks
this Court to declare that the New York Supreme Court's dismissal of his state-court action "was
incorrect" and "improvident."  *Id.* at 11–13.

In its July 9, 2020 decision affirming that dismissal, the Appellate Division held that
"Plaintiff fails to state a cause of action for violation of [New York] Judiciary Law § 487(1)
against defendants Berkowitz, Gilbert, and Lazarus because he does not allege that they acted as
counsel of record in any legal proceeding to which he was a party."  *Mazzocchi*, 185 A.D.3d at
438.  Here, Mazzocchi asks this Court to declare that New York Judiciary Law § 487 "does
reach attorneys not of record who collude with attorneys of record in order to deceive a party or
the courts, and who consent to do so with attorneys of record," and that "the ruling by the
[Appellate Division] that the attorneys had to be 'of record' was incorrect, as such an
interpretation of the Statute is contrary to the clear language and intent of the Statute."  Dkt. 1, at
8–9.

The Appellate Division also held that "Plaintiff's claims that Koplovitz submitted
affidavits containing misstatements or perjury are not sufficiently egregious to support a cause of
action under section 487 because the statements related to immaterial facts."  *Mazzocchi*, 185
A.D.3d at 438.  Mazzocchi asks this Court to declare that the "not 'sufficiently egregious'

standard is a court construct, does not appear anywhere in the text of the Statute, flies in the fact of simple 'intent,' and its requirement by the [Appellate Division] was incorrect." Dkt. 1 at 9.

The Appellate Division further that held that "Plaintiff also fails to state a cause of action for violation of section 487(1) against defendants Koplovitz, Goldberg, Cholst, and Wagner because the allegations in the complaint do not give rise to the inference that their actions exceeded the bounds of routine advocacy." *Mazzocchi*, 185 A.D.3d at 438. Mazzocchi asks this Court to declare that "the industrial scale suppression of 615 documents by Koplovitz was not 'routine advocacy,' . . . and [that] the ruling by the [Appellate Division] was incorrect." Dkt. 1, at 10.

Because Mazzocchi alleges that his leave petition is pending in the New York Court of Appeals, *id.* at 8, it appears that his state-court appeal is pending. But it is clear that here, he asks this Court to review and overturn the decisions of the New York Supreme Court and the Appellate Division. The Court therefore additionally dismisses Mazzocchi's claims for lack of subject-matter jurisdiction under the *Rooker-Feldman* doctrine. The purpose of that doctrine— preventing federal courts other than the Supreme Court of the United States from reviewing and overturning state-court judgments—"would be undermined if [it] is inapplicable simply because a litigant happens to be seeking state appellate review of a state-court judgment, while also seeking federal district court review of that judgment." *Yanping Xu v. Suffolk Cnty.*, No. 19 Civ. 1362, 2020 WL 3975471, at *6 (E.D.N.Y. July 14, 2020).

**B.    Removal**

Even if the Court had subject-matter jurisdiction to consider the present action, the Court cannot grant Mazzocchi request to remove his state-court litigation to this court. That is because under 28 U.S.C. § 1446(a), only "[a] defendant or defendants desiring to remove any civil action from a State court shall file in the district court of the United States for the district and division

within which such action is pending a notice of removal."  Thus, the Court denies

Mazzocchi's request to remove his state-court action to this court.  *See Yonkers Racing*

*Corp. v City of Yonkers*, 858 F.2d 855, 863 (2d Cir. 1988) ("Quite simply, a party who is in

the position of a plaintiff cannot remove.").

## C.    The Court denies Plaintiff leave to amend

Generally, a court should not dismiss a *pro se* complaint "without . . . granting leave to

amend at least once when a liberal reading of the complaint gives any indication that a valid

claim might be stated."  *Dolan v. Connolly*, 794 F.3d 290, 295 (2d Cir. 2015) (quoting *Chavis v.*

*Chappius*, 618 F.3d 162, 170 (2d Cir. 2010) (internal quotation marks omitted)).  But a court has

inherent power to dismiss without leave to amend or replead "where the substance of the claim

pleaded is frivolous on its face," *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988), or where

amendment would otherwise be futile, *Hill v. Curcione*, 657 F.3d 116, 123–24 (2d Cir. 2011);

*see also Shapiro*, 577 U.S. at 44-46 (holding that federal-question jurisdiction is lacking where

the claims are "wholly insubstantial and frivolous," "essentially fictitious," or "obviously without

merit" (quotation marks and citations omitted)).

Because granting Mazzocchi leave to amend would be futile, the Court denies Mazzocchi

leave to file an amended complaint.

## CONCLUSION

The Court dismisses this action for lack of subject-matter jurisdiction.  *See* Fed. R. Civ. P.

12(h)(3).

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

SO ORDERED.

*Paul A. Engelmayer*
_____
PAUL A. ENGELMAYER
United States District Judge

Dated:  August 24, 2021
        New York New York